FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2012 DEC 19   AM 11: 22

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

JOHN F. DERRIG and
DORIS M. DERRIG,

       Plaintiffs,

v.

Judge:
Case No.

SUNCOAST SCHOOLS FEDERAL CREDIT
UNION and ALLIED INTERNATIONAL
CREDIT CORP. (US),

       Defendants.

2:12-cv-681-FtM-

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

      COME NOW the Plaintiffs, JOHN F. DERRIG and DORIS M. DERRIG (hereinafter "Plaintiffs"), by and through undersigned counsel, and file this Complaint against Defendants, SUNCOAST SCHOOLS FEDERAL CREDIT UNION and ALLIED INTERNATIONAL CREDIT CORP. (US) (collectively referred to as the "Defendants") and allege:

### I. PRELIMINARY STATEMENT

1.    The FCRA grew out of justified concerns in Congress over abuses in the credit reporting industry.

2.    The consumer reporting industry maintains 450 million credit files on more than 110 million individuals, virtually the entire adult population of the country, and processes almost 2 billion pieces of data per month. S. Rep. 103-209, 103d Cong., 1st Sess. 2-3 (1993).

3.    In theory, the faster sensitive personal information about a person's credit worthiness flows into credit furnishers' computers, the faster credit flows to the consumer, and the faster the economy grows.

4.   To this end "an elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2).

5.   The preamble to the FCRA clearly states that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" is apparent. 15 U.S.C. § 1681(a)(3).

6.   Each bit of information can come from any of these sources: public records, creditors, landlords, lenders, credit sellers, insurance companies, employers and debt collectors (all of whom are the customers of a credit reporting agency), and even the consumer him/herself.

7.   Errors and misinformation in credit reports lead to mistakes in credit scores, and mistakes in credit scores mean consumers either pay too much for credit or are denied credit. (Beth Kobliner, "Borrower Beware: Credit Scorers Are Watching," New York Times, April 21, 2002.)

8.   Congress therefore placed upon the credit reporting agencies the burden of following reasonable procedures to assure the maximum accuracy of information concerning the individual about whom the report relates that it might accurately depict a clear and precise credit profile of a consumer. Congress passed the FCRA with the precise intent to give the consumer power over the "impersonal and unconcerned attitude displayed by business machines as to the impact of their actions upon an individual consumer..." Vinson v Ford Motor Credit Co., 259 So.2d 768,*771 (Fla. App. 1972).

9.   Court rulings, such as Matthews v. Deland Bank, 334 So.2d 164, 166 (Fla. 1st DCA 1976) ("A disregard for the truth in reporting credit transactions, especially when coupled with the failure

to correct the inaccuracies, constitutes libel per se.") have upheld the right of an individual consumer to build, possess, maintain and use a credit history that is an asset to him or her.

## II. PARTIES

10.     Plaintiffs are natural persons, residents of Florida, and "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

11.     Defendant Suncoast Schools Federal Credit Union (hereinafter "SSFCU") is a non-profit corporation with its principal place of business located at 6801 E. Hillsborough Avenue, Tampa, FL 33610 and is subject to the jurisdiction of this Court.  SSFCU is a person who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

12.     Defendant, Allied International Credit Corp. (US) (hereinafter "AICC"), is a foreign profit corporation with its principal place of business located at 2222-2228 West Northern Ave, Suite B202, Phoenix, AZ 85021.  Upon information and belief, AICC regularly conducts business in the State of Florida and has significant and substantial contacts with and throughout this State. At all times material hereto, AICC was acting as an agent and representative of SSFCU.

## III. JURISDICTION AND VENUE

13.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*  Supplemental jurisdiction of state law claims is appropriate pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1391.

## IV.  STATUTORY STRUCTURE

### FAIR CREDIT REPORTING ACT

15.     The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  15 U.S.C. § 1681(b).

16.     Under the FCRA, wherever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. § 1681e(b).

17.     Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer.  15 U.S.C. § 1681i(a).

18.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  15 U.S.C. § 1681i(a)(4).

19.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

20.     Under the FCRA, after a furnisher of information receives notification pursuant to §1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall – (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. 15 U.S.C. § 1681s-2(b).

21.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

22.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure, the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## V. FACTUAL ALLEGATIONS

23.     On or about August 13, 2009, Plaintiffs incurred a financial obligation in connection with an automobile loan made by SSFCU, account #XXXXX68-80 ("the Account").

24.     At some point subsequent to Plaintiffs incurring the above-referenced debt, Plaintiffs became delinquent on the payments, and the Account was sold, assigned, or otherwise transferred to Defendant AICC for collection.

25.     Plaintiffs thereafter entered into an agreement with SSFCU, by and through its agent AICC, to settle the account in full. A true and correct copy of the letter AICC sent Plaintiffs on or about November 15, 2011, which evidences that the Account was settled in full, is attached hereto and incorporated by reference as **Exhibit "A"**.

26.     Upon completion of the agreed-upon payments by Plaintiffs, SSFCU, by and through its agent AICC, agreed to delete the Account from Plaintiffs' credit reports. A true and correct copy of the letter AICC sent Plaintiffs on or about December 1, 2011, which evidences such agreement by AICC, is attached hereto and incorporated by reference as **Exhibit "B"**.

27.     Some months later, Plaintiffs applied for a mortgage loan with Wells Fargo. After retrieving Plaintiffs' credit reports, the bank's representative denied Plaintiffs' request for a mortgage loan and informed Plaintiffs that the Account was still being reported on Plaintiffs' credit reports as being owed. Mr. Derrig's credit report reflected a balance of $120.00 on the Account, while Mrs. Derrig's credit report reflected a balance of over $5,000.00 on the Account.

28.     Upon learning that the Account was still being reported on their credit reports as due and owing, Plaintiffs called AICC to insist that it live up to its agreement with Plaintiffs. Mr. Derrig spoke with the AICC representative personally responsible for reporting information to the credit reporting agencies, one Mr. Craig Bracken (hereinafter "Craig"), who told Mr. Derrig that he had already corrected the mistake and had the Account deleted.

29.     Several days after this conversation, Craig called Plaintiffs back, at which point he told Plaintiffs that they must call SSFCU to resolve the situation. Contrary to the terms of the agreement, as well as the representation previously made to Plaintiffs, Craig informed Plaintiffs that he would

*not* have the Account deleted from Plaintiffs' credit reports, and retracted his earlier representation that he had done so.

30.  Plaintiffs immediately called SSFCU and spoke with their representative, a woman named Holly.  Holly also indicated that she would not have the Account deleted from Plaintiffs' credit reports.

31.  In response, on January 12, 2012, Mr. Derrig faxed a letter to SSFCU c/o Holly, along with copies of the letters attached hereto as Exhibits "A" and "B".  Holly later called Plaintiffs to inform them that she "did not care" about the agreement SSFCU entered into with Plaintiffs, and repeated that she would not have the Accounts deleted from Plaintiffs' credit reports.  A true and correct copy of the fax sent to SSFCU c/o Holly on January 12, 2012, is attached hereto and incorporated by reference as **Exhibit "C"**.

32.  On or about March 22, 2012, Plaintiffs sent a letter to Experian by certified mail, article number 7011 3500 0001 4189 1056, which was received by Experian on March 30, 2012, formally requesting the Account be removed from their credit reports.  Plaintiffs included with this letter copies of the letters attached hereto as Exhibits "A" and "B".  A true and correct copy of the letter Plaintiff sent to Experian dated March 22, 2012, is attached hereto and incorporated by reference as **Exhibit "D"**.

33.  On or about March 22, 2012, Plaintiffs sent a letter to TransUnion by certified mail, article number 7011 3500 0001 4189 1070, which was received by TransUnion on March 26, 2012, formally requesting the Account be removed from their credit reports.  Plaintiffs included with this letter copies of the letters attached hereto as Exhibits "A" and "B".  A true and correct copy of the letter Plaintiff sent to TransUnion dated March 22, 2012, is attached hereto and incorporated by reference as **Exhibit "E"**.

34.    On or about March 22, 2012, Plaintiffs sent a letter to Equifax by certified mail, article number 7011 3500 0001 4189 1063, which was received by Equifax on March 26, 2012, formally requesting the Account be removed from their credit reports. Plaintiffs included with this letter copies of the letters attached hereto as Exhibits "A" and "B". A true and correct copy of the letter Plaintiff sent to Equifax dated March 22, 2012, is attached hereto and incorporated by reference as **Exhibit "F"**.

35.    Plaintiffs received a response from Experian as a result of their letter dated March 22, 2012, which included a credit report for Mrs. Derrig dated April 23, 2012. Page 5 of the credit report clearly shows the Account still listed and not deleted from the credit report as per Plaintiffs' agreement with Defendants. A true and correct copy of Experian's response is attached hereto and incorporated by reference as **Exhibit "G"**.

36.    Plaintiffs' credit reports still showed the Account being reported by all three credit reporting agencies as of August 23, 2012. A true and correct copy of the credit report dated August 23, 2012, is attached hereto and incorporated by reference as **Exhibit "H"**.

37.    Subsequent to Plaintiffs' unsuccessful attempts to resolve this situation with AICC and SSFCU, Plaintiffs applied for and were denied credit on several occasions. True and correct copies of two credit denial letters sent to Plaintiffs from two separate entities are attached hereto and incorporated by reference as **Composite Exhibit "I"**.

38.    The actions of the Defendant SSFCU as alleged herein constitute violations of the Fair Credit Reporting Act.

39.    The actions of both Defendants as alleged herein constitute breach of the agreement reached between the parties with respect to the Account.

40.    Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged, and have otherwise been unduly inconvenience by the actions of the Defendants.

## V. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT SUNCOAST SCHOOLS FEDERAL CREDIT UNION
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

41.   Plaintiff incorporates Paragraph 1 – 40 above as if fully stated herein.

42.   Defendant SSFCU has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with 15 U.S.C. § 1681s-2(b).

43.   Following the reinvestigation, SSFCU reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

44.   Following the reinvestigation, SSFCU reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

45.   Following the reinvestigation and dispatch of notice directly to SSFCU at its designated address, SSFCU reported credit information that was in fact not accurate, in violation of the FCRA 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(B).

46.   Following the reinvestigation and dispatch of direct notice to SSFCU, Defendant SSFCU failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

47.   SSFCU's reinvestigation was not conducted in good faith.

48.   SSFCU's reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiffs' consumer reports.

49.   SSFCU's reinvestigation was not conducted reasonably.

50.   SSFCU's reinvestigation was not conducted using all information reasonably available to SSFCU.

51.   SSFCU's reinvestigation was *per se* deficient by reason of these failures of SSFCU in its reinvestigation of the trade line on the Plaintiffs' consumer reports.

52.   SSFCU's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiffs to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

53.   As a result of SSFCU's conduct, actions, and inactions, Plaintiffs were unable to secure credit.

54.   As a result of SSFCU's conduct, actions, and inactions, Plaintiffs have suffered emotional distress, humiliation, mental anguish and damages to their creditworthiness.

55.   Plaintiffs are entitled to recover costs and attorneys fees from SSFCU in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

56.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against Defendant SSFCU:

a)   For Actual Damages;

b)   For Compensatory Damages;

c)   For Statutory Damages;

d)   For Attorney's fees and costs incurred in this action;

e)   For an Order directing that the Defendant immediately delete all of the inaccurate information from the Plaintiffs' credit reports and files and cease reporting the inaccurate

information to any and all persons and entities to whom they report consumer credit information; and

f)      For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT SUNCOAST SCHOOLS FEDERAL CREDIT UNION FOR BREACH OF CONTRACT

57.   Plaintiffs incorporate Paragraph 1 – 40 above as if fully stated herein.

58.   The foregoing acts and omissions of Defendant, SSFCU, constitute breach of the agreement reached between the parties with respect to the Account.

59.   On or about October 14, 2011, SSFCU, by and through its agent AICC, entered into an agreement with Plaintiffs whereby Plaintiffs would make certain payments to SSFCU, and Defendants would delete the Account from Plaintiffs' credit reports.  See Exhibits "A" and "B".

60.   Plaintiffs have performed all of the conditions, covenants and promises required by them to be performed in accordance with the agreement by paying the sum of $5,000.00 to SSFCU.

61.   SSFCU breached its agreement with Plaintiffs by failing and refusing to perform in good faith its promise to remove the Account from Plaintiff's credit reports.

62.   As a result of SSFCU's breach, Plaintiffs have suffered actual damages in that they have been denied credit that otherwise would have been granted to them.  Furthermore, Plaintiffs have incurred attorney's fees and costs in association with bringing the instant action to enforce the terms of the agreement.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against Defendant SSFCU:

a)      For Actual Damages;

b)      For Compensatory Damages;

c)      For Attorney's fees and costs incurred in this action;

d)      For an Order directing that the Defendant immediately delete all of the inaccurate information from the Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e)      For such other and further relief as the Court may deem just and proper.

## COUNT III
## CLAIMS AGAINST ALLIED INTERNATIONAL CREDIT CORP. (US) FOR BREACH OF CONTRACT

63.     Plaintiffs incorporate Paragraph 1 – 40 above as if fully stated herein.

64.     The foregoing acts and omissions of Defendant, AICC, constitute breach of the agreement reached between the parties with respect to the Account.

65.     On or about October 14, 2011, AICC entered into an agreement with Plaintiffs whereby Plaintiffs would make certain payments to SSFCU, and Defendants would delete the Account from Plaintiffs' credit reports.  See Exhibits "A" and "B".

66.     Plaintiffs have performed all of the conditions, covenants and promises required by them to be performed in accordance with the agreement by paying the sum of $5,000.00 to SSFCU.

67.     AICC breached its agreement with Plaintiffs by failing and refusing to perform in good faith its promise to remove the Account from Plaintiff's credit reports.

68.     As a result of AICC's breach, Plaintiffs have suffered actual damages in that they have been denied credit that otherwise would have been granted to them.  Furthermore, Plaintiffs have incurred attorney's fees and costs in association with bringing the instant action to enforce the terms of the agreement.

WHEREFORE, Plaintiffs pray that the Court grant the following relief in favor of the Plaintiffs and against Defendant AICC:

a)      For Actual Damages;

b)      For Compensatory Damages;

c)      For Attorney's fees and costs incurred in this action;

d)      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

69.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

*Respectfully submitted,*

Dated: <u>December 14, 2012</u>

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
***Attorneys for Plaintiff***

By:  <u>/s/ David M. Lampley</u>
      David M. Lampley, Esq.
      Fla. Bar No. 0044408
      dlampley@dellutrilawgroup.com
      Joseph C. LoTempio, Esq.
      Fla. Bar No. 0086097
      jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _Florida_ )
  ) ss
COUNTY OF _Lee_ )

Plaintiff, JOHN F. DERRIG, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
JOHN F. DERRIG

Subscribed and sworn to before me this __12__ day of _December_ 20 _12_ . by JOHN F. DERRIG who:

☐ is personally known; or

☒ produced identification _FL DL # D620-466-52-444-0_

NOTARY PUBLIC STATE OF FLORIDA
Alison L. Stevens
Commission # EE099555
Expires: JUNE 02, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

_____
Notary Public

(SEAL)

-14-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _FLORIDA_ )
                                ) ss
COUNTY OF _LEE_ )

Plaintiff, DORIS M. DERRIG, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DORIS M. DERRIG

Subscribed and sworn to before me this ___12___ day of _DECEMBER_, 20_12_ by DORIS M. DERRIG who:

☐ is personally known; or

☒ produced identification ___FL   DL___.

RANDALL HURT
Notary Public - State of Florida
My Comm. Expires Jul 4, 2015
Commission # EE 108673
Bonded Through National Notary Assn.

_____
Notary Public

(SEAL)

-15-