UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN F. DERRIG, DORIS M. DERRIG

    Plaintiffs,

v.                                            Case No: 2:12-cv-681-FtM-38UAM

SUNCOAST SCHOOLS FEDERAL
CREDIT UNION, ALLIED
INTERNATIONAL CREDIT
CORPORATION,

    Defendants.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiffs' Stipulation for Dismissal with Prejudice ("Stipulation") (Doc. #11), filed on June 12, 2013. The Stipulation was not signed by Defendant Suncoast Schools Federal Credit Union. Consequently, Suncoast was given until June 20, 2013 to file a notice regarding its position on the Stipulation. Because counsel to Suncoast Schools was recently retained, he was unable to file his response until July 2, 2013 (Doc. #13). Nevertheless, Suncoast's response declares that it has no objection to the dismissal of this case with prejudice pursuant to the terms of the settlement agreed to by the parties.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Fed. R. Civ. P. 41(a)(1) provides that an action may be dismissed by the plaintiff without order of the court by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. The stipulation at issue has now been signed by both parties to the settlement. However, the Stipulation requests that the Court retain jurisdiction of the instant action for the purposes of enforcing the terms of the Settlement Agreement between the parties.

In Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012), the Eleventh Circuit interpreted the United States Supreme Court decision of Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), "to mean that the parties must agree to the district court's order retaining jurisdiction, not that the district court may enter a dismissal order when it would otherwise lack jurisdiction to do so." 677 F.3d at 1280. Because it is self-executing, a court has no authority to enter an order after a Rule 41(a)(1)(A)(ii) stipulation becomes effective. Id. Thus, a district court can retain jurisdiction over a settlement agreement in two ways: "either (1) the district court must issue the order retaining jurisdiction under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." 677 F.3d at 1280.

Here, the Plaintiffs' Stipulation (Doc. #11) appears to be conditioned on the Court retaining jurisdiction over the case to enforce the terms of the Settlement Agreement between the parties. As a general matter, the Court is not inclined to do so. Thus, the parties are directed to file a joint notice informing the Court of why and how long they

wish the Court to retain jurisdiction over the Settlement Agreement. In the meantime, the Court will defer ruling on Plaintiffs' Stipulation for Dismissal with Prejudice.

Accordingly, it is now

**ORDERED**:

(1) The Court **DEFERS RULING** on Plaintiffs' Stipulation for Dismissal with Prejudice.

(2) The parties are **directed to file** a joint notice by **July 12, 2013**, informing the Court of why and how long they wish the Court to retain jurisdiction over this matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3